## COURT OF APPEALS.

ALBERT COTES and another, Executors, &c., respondents, agt. ANDREW R. SMITH, MINERVA E. WOOD, LOUISA LYMAN, and CALVIN P. SMITH, appellants, and LAURA CARROLL, JANE M. RATHBUN and GEORGE L. RATHBUN, by, &c., respondents.

An order of the general term of the supreme court striking a cause from the calendar on motion of adverse defendants, against whom no appeal from the judgment of the special term had been taken, is not appealable to this court. So with an order affirming the special term, denying a motion to set aside a judgment for alleged irregularity. *It seems* the orders below were properly made. This court will not on appeal against the plaintiffs in an action review the judgment below, so far as it affects adverse defendants against whom no appeal was taken from the special to the general term.

*June Term*, 1866.

THIS action was commenced by the plaintiffs, two of the executors of Benjamin Rathbun, to obtain a judicial construction of his will.

The defendants, Laura, Jane M. and George L., appeared by Countryman & Moak, and the defendants, Andrew R., Minerva E., Calvin P., and Louisa, by D. C. Bates, Esq.

The case was tried before Mr. Justice MASON, at the Otsego special term, in July, 1861. All parties appeared on the trial by their respective attorneys. The principal questions litigated were : 1st. Whether the defendant, George L., under the *second* and *third* clauses of the will, on arriving at twenty-one years of age, took the accumulated rents of the farm called the Wheeler farm ; and, 2d. Whether the defendants, Laura and Jane M., were entitled to the interest on $2,000 bequeathed to each by the *third* clause, invested on interest by the plaintiffs. The defendants represented by

Mr. Bates claimed the rents and such interest went into the residuum. The court held that George L. took the rents, and Laura and Jane M. were entitled to such interest. Judgment was perfected in Otsego county clerk's office accordingly, February 5, 1864.

The finding of facts and judgment roll were filed by plaintiffs, February 5, 1864, and judgment entered in judgment book same day by clerk. At that time Countryman & Moak had an order pursuant to rule 62 of the supreme court, allowing Mr. Moak, as guardian of the defendant, George L., $100 to be paid out of the accumulated rents awarded by the judgment to said defendant, George, which they had not filed in the clerk's office. When the judgment was entered, February 5, it contained blanks for the insertion of the costs of the different parties. February 6, plaintiffs served copy judgment on each set of defendants, and also a copy of their costs with notice that they would be readjusted, March 17. February 9, Countryman & Moak filed the order making allowance to guardian, when the clerk annexed a copy of the order to judgment roll. March 12, defendants, who appeared by Countryman & Moak, served a copy of their costs on plaintiffs with notice they would be adjusted March 17, and the clerk on the latter day, readjusted plaintiffs' costs, taxed costs of Countryman & Moak, and inserted the amount in the blank left therefor in entry of judgment, and also inserted directions as to payment of the $100, to guardian, out of accumulated rents and profits adjudged to his ward. February 27, defendants who appeared by Mr. Bates, appealed as against the plaintiffs, but not as against the other defendants, and 'they had no knowledge or intimation of such appeal until long after April 13. April 13, 1864, Countryman & Moak served a copy of the judgment and notice of entry thereof on Mr. Bates.

He did not appeal as against Countryman & Moak, but printed the case with judgment roll as it was, March 17, and eight days before November general term, 1864, served upon them and the plaintiffs copy of such case, with notice of argument thereof. Countryman & Moak moved at that term

to strike the cause from the calendar as to their clients. Mr. Bates moved for leave to appeal as against them. The question of right to allow an appeal was argued, and at January general term, 1865, the court struck the cause from the calendar, and denied leave to appeal (*See* 28 *How.* 436).

The order of the court was entered February 1, 1865, and a copy thereof, with notice of its entry served upon the attorney for the appellants same day.

At Owego special term in March, 1865, appellant's attorney made a motion to set aside the judgment, and for leave to appeal. The court, on its hearing, denied the motion to set aside the judgment absolutely, and refused leave to appeal, on the ground that it possessed no power, and also that that branch of the motion was *res adjudicata.* The appellants brought an appeal from that order to the general term of the supreme court, where it was affirmed (29 *How.* 326).

The order of affirmance was entered July 17, 1865, and on the 18th a copy with a notice of its entry, was served on appellants' attorney. No notice of appeal to the general term of the supreme court from the judgment of the special term of that court has ever been served on respondents, Laura, Jane M. or George L., or their attorneys, nor have they been heard on any such appeal, nor has any case or exceptions been served upon or settled as against them.

No general term of the supreme court has made any order or judgment affirming, reversing or modifying the judgment of the special term as against them, or in any manner affecting their rights as determined by the special term.

The appeal by the appellants *against the plaintiffs,* was brought on and affirmed as against them.

On the 4th of December, 1865, the appellants served a notice of appeal from that judgment and the orders of the general term on all the respondents' attorneys for Laura, Jane M., and George L., who move to dismiss the appeal as against them.

N. C. MOAK, *for motion.*

I. These respondents having, after proper notice and hearing, established their rights by judgment, they could not be changed except by an appeal to which they were parties, with a right to be legally heard, and to appeal to this court if dissatisfied with the decision of the general term. (1 *Barb. Ch. Rep.* 624; 28 *How.* 446, MASON, *J.* ; 28 *How.* 448, BALCOM, *J.;* 28 *How.* 438-9.)

II. No appeal lies against these respondents from the judgment of the general term. Their rights depend upon that of the special term. They claim nothing under that of the general term, and not having been parties to it, are not, and could not be affected by it. It does not, and could not pass or attempt to pass upon their rights. As between the appellants and these respondents there is no judgment of a general term, and unless there is as against them, the judgment of the special term is not reviewable here. (6 *How. Pr. Rep.* 280; 3 *Denio,* 609; 1 *N. Y. Rep.* 228; 2 *Id.* 188; 6 *How. Pr. Rep.* 240; 15 *N. Y. Rep.* 593.)

III. The order of the general term, denying leave to appeal, did not involve the merits and is not appealable to this court. (27 *N. Y. Rep.* 638; 5 *N. Y. Rep.* [1 *Seld.*] 547; 16 *Abb. Pr. Rep.* 126.)

IV. Nor is the order refusing to set aside the judgment on the ground of irregularity appealable, conceding there was one. This would be a mere matter of practice which this court cannot review. (29 *N. Y. Rep.* 637; 2 *Id.* 186; 18 *Id.* 150; 16 *Id.* 242; 27 *Id.* 216; 17 *Id.* 72; 3 *How. Pr. Rep.* 425.)

V. Neither of the orders changes the form or substance of the judgment, nor does either affect the merits of the controversy (13 *N. Y. Rep.* 597-8). Neither is " an intermediate order involving the merits, and necessarily affecting the judgment." (29 *N. Y. Rep.* 637; 32 *Id.* 482.)

The power to review an order in such a case is incident to a right to examine the judgment therein on appeal from that (*Code,* § 11, *Sub.* 1). The principal is here wanting, and the incident cannot exist without it.

VI. Neither of the orders was a final order affecting a sub-

stantial right, made on a summary application after judg-
ment, within subdivision three, of section eleven of the
Code : " If any question of practice can be settled in this
court by adjudication, this is one." It was decided in *Sher-
man* agt. *Felt* (3 *How. Pr.* 425), that that provision did not
refer to an ordinary motion to set aside proceedings for
irregularity, or as a matter of favor, but that it referred to
an application assuming the validity of the judgment, and
based upon it, which itself might terminate in a final order
in the nature of a judgment, such as an application for sur-
plus moneys upon a sale in a foreclosure suit, or for an order
of sale for nonpayment of installment becoming due subse-
quent to the judgment. The same construction was given
to that section of the Code in *Dunlop* agt. *Edwards* (3 *Comst.*
341) ; *Humphrey* agt. *Chamberlain* (1 *Kern.* 274) ; and *Jones*
agt. *Derby* (16 *N. Y.* 242) ; Pratt, J., in *Bank* agt. *Spencer*
(18 *N. Y. Rep.* 152 ; *Id.* 154). (*See also* 29 *N. Y. Rep.* 637 ;
28 *How.* 471 ; *and cases cited under point V, supra.*)

D. C. Bates, *for appellants.*

I. The parties to the action are properly before this court.
The respondents defendants, making this motion, are the
same persons who made the motion at general term to strike
the cause from the calendar. The appellants ask now to
have that order reviewed on the appeal from the judgment
in the cause.

The attorneys making this motion, have included in the
*grounds* of their notice, the identical points included in the
appeal from the order striking the cause from the calendar,
at general term. The appellants claim, that they have the
right to argue those questions of merit and substance, on
the hearing of their general appeal, instead of arguing
them on the hearing of this motion.

II. The notice of appeal does not bring three distinct
appeals. It simply brings an appeal from the judgment in
the cause, and points out plainly and distinctly to the parties
concerned, what orders included in the judgment-roll, the

appellants expect to have reviewed. It has been decided, or at least, the decision has been published, since this appeal was brought " that it is not material whether the orders are mentioned in the notice of appeal or not. That they are reviewable on the appeal from the judgment" (*Selden* agt. *The Del. & Hud. Canal Co.* 29 *N. Y.* 634, 637).

But the mere fact of noticing the orders as appealed from in the general notice of appeal, does not thereby make three separate appeals.

III. The undertaking is sufficient. There is but one judgment, and but one judgment record. The orders appealed from are included therein, and made a part thereof. The undertaking recites the rendering of the judgment; the making and rendering of each of the orders; is conditioned to pay all costs and damages which may be awarded on said appeal against them, and also to pay, in event of the judgment or either of the orders being affirmed or the appeal dismissed, the amount directed to be paid by the said judgment; and the sureties therein justify in the sum of five thousand dollars each.

" Where two different sums of money were adjudged to different defendants, but only one record made, and the plaintiff appealed to this court : *held,* that only one undertaking to pay costs and damages on the appeal, in the sum of $250 was necessary." (*Smith* agt. *Lynes, et al.* 2 *Comst.* 569 ; *S. C.* 4 *How.* 209.)

Even if it were defective, the appellants could amend on terms (*Shermerhorn* agt. *Anderson,* 1 *Comst.* 430).

IV. The time to appeal from the orders is precisely the same as the time to appeal from the judgment. Code section 331. To confine the appellant in an action to orders which might happen to have been entered, and notice thereof served, within sixty days next preceding the entry of a judgment directed at general term, would work the grossest injustice.

This very point was decided by the court for the correction of errors.

" An appeal from a final decree in a case, opens for the

consideration of this court, all prior or interlocutory orders, or decrees, in any way connected with the merits of the final decree." (*Jaques* agt. *M. E. Church*, 17 *Johns.* 548; *To the same effect, Le Gour* agt. *Gouveneur et al.* 1 *Johns. Cas.* 436, 498.)

V. The orders are reviewable.

They are "intermediate orders involving the merits and necessarily affecting the judgment."

Whether an order "involves the merits" or not, is a question often difficult to answer. The line will, however, be found to run between such as dispose of the rights of parties, and such as merely regulate the course of proceeding. The court for the correction of errors had occasion to pass upon this question; and the above distinction will be found to run through all their reported cases. (*McVickar* agt. *Wolcott*, 4 *Johns.* 510; *Beach* agt. *Fulton Bank*, 2 *Wend.* 225; *Tripp* agt. *Cook*, 26 *Wend.* 143, 150, 154.)

So also the court of chancery. (*McCredie* agt. *Senior*, 4 *Paige*, 378; *Rogers* agt. *Patterson*, 4 *Paige*, 450.)

Judge EDMONDS, in *Cruger* agt. *Douglass* (8 *Barb.* 81, 86), held it a general rule (after reviewing these authorities), "that as all orders in the progress of a cause, necessarily in some degree affect the merits, so all are the subject of an appeal, unless they relate merely to matters of practice and procedure, or next in distinction."

In *Cowles et al.* agt. *Cowles* (9 *How.* 361), Justice MARVIN held that by section 329 of the Code, an order striking out a portion of an answer was an order "involving the merits and necessarily affecting the judgment," and as such reviewable on appeal from the final judgment.

In *Humphery* agt. *Chamberlain* (1 *Kern.* 274, 276), DENIO, J., held that although an order setting aside a judgment for irregularity was not appealable under subdivision 3, section 11 of the Code, yet it was reviewable under the first subdivision of that section.

This case is the one at bar. The second order which the appellants ask to have reviewed, is one refusing to set aside a judgment.

In *Bates* agt. *Voorhees* (20 *N. Y.* 525), the court held that an order dismissing an appeal from a judgment at special term, was appealable.

In *The People* agt. *N. Y. C. R. R. Co.* (29 *N. Y.* 418, 423), an order dismissing an appeal, made by the general term from an order of the special term, granting an extra allowance of costs, was reversed on the ground that it was an order involving the merits and necessarily affecting the judgment.

So this court also holds in respect to costs in general. (*People* agt. *Lumley*, 28 *How.* 470).

But if all these different orders before mentioned are reviewable here, then how much greater weight does the case at bar present?

Here is an order striking from the calendar the appeal at general term. The very merits of the controversy are involved in the order itself, and the judgment is necessarily affected to the extent that, if the order is law, the appellants are deprived of their substantial rights.

J. E. DEWEY, *for plaintiffs.*

*By the court,* JAMES C. SMITH, J. As the merits of the motion in the court below have been fully discussed in the printed briefs submitted to us, and the disposition to be made of the orders appealed from, will necessarily affect the appeal from the judgment, I propose to consider the orders on their merits, instead of passing upon the motion to dismiss the appeals.

The motion to set aside the judgment for irregularity was properly denied; there was no irregularity in procuring the costs to be adjusted after the entry of judgment, and the amount thereof inserted by the clerk in blanks left for that purpose in the judgment. The practice is authorized by the Code (§ 311).

The order allowing $100 to the guardian of George L. Rathbun, does not affect the appellants, and they cannot question its regularity. It directs the allowance to be paid

out of a fund belonging to the infant, and he and the guardian are the only persons interested in it.    If the practice pursued in obtaining the order and inserting it, and the amount of costs in the judgment had been irregular, as the appellants insist, such irregularity would not have impaired the judgment which was otherwise valid.

The court properly refused to set aside the judgment, in order to give the party further time to appeal.

The motion to strike the cause from the calendar, was properly granted, for the reason that the interests of the defendants, in whose behalf the motion was made, were adverse to those of the appellants, and they were entitled to notice of the appeal (*Code* § 327.)

But a majority of the members of the court are of opinion that the appeals from the orders should be dismissed, on the ground that the orders were made after judgment, relate to matters of practice, and are not appealable to this court.

It results, therefore, that the only questions raised by the appeal from the judgment, are those existing between the appellants and the plaintiffs, and in respect to them no error is alleged.    Consequently, the question whether Laura and Jane are entitled to interest on their legacies, and George is entitled to the rents, are not before us.

The appeals from the orders should be dismissed, and the judgment affirmed.

Ordered accordingly.